UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELBERT PANNELL, | ) | Case No. 1:09CV0332 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE KATHLEEN O'MALLEY |
| | ) | (Magistrate Judge McHargh) |
| BENNIE KELLY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| | ) | |

McHARGH, Mag.J.

The petitioner Elbert Pannell ("Pannell") has filed a petition pro se for a writ of habeas corpus, arising out of his 2006 convictions for involuntary manslaughter and obstructing justice in the Cuyahoga County (Ohio) Court of Common Pleas.  In his petition, Pannell raises two grounds for relief:

> 1. My Plea Bargain was illegally obtained.  I was induced by the prosecutor on a plea deal then he went back on his word and plea bargain, thus my plea agreement was not knowingly, willingly and voluntarily made in violation of the constitution and I was entrapped into agreeing to a false and misleading promise by the prosecutor.
>
> 2.  There was exculpatory evidence not provided to the appellant's attorney prior to the plea and if I would have had all the information, it would have made a difference as how I would have been advised and made a decision to plea or not.  The state withheld the facts.

(Doc. 1, § 12.a.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background:

> On June 30, 2005, appellant [Pannell] pled guilty to involuntary manslaughter, with a three-year firearm specification, and obstruction of justice stemming from the July 29, 2002 killing of Thoywell Henry (Thoywell). Allegedly, appellant introduced Johnny Bacote (Bacote), who refers to himself as a hitman, to Jocelyn Henry (Jocelyn) and William Roberson (Roberson), who were scheming to have Jocelyn's husband, Thoywell, murdered. Appellant also admitted to helping Bacote saw the stock and barrel off of a shotgun that a friend of appellant's gave to Bacote.
>
> As part of appellant's plea agreement, the state dropped the original charge of aggravated murder with a murder-for-hire specification, which is a capital offense, and appellant agreed to cooperate by testifying against Jocelyn and Roberson, in accordance with prior written statements that appellant gave to the police. Additionally, the parties agreed upon a sentence of 15 years in prison.
>
> On May 12, 2005, before appellant's plea, Bacote pled guilty to aggravated murder and was sentenced to life in prison without the possibility of parole. Appellant and Bacote testified against Jocelyn, and on December 17, 2005, a jury found her not guilty of murder. On November 28, 2006, Roberson pled guilty to involuntary manslaughter and received an agreed upon sentence of nine years in prison.
>
> On November 9, 2006, after Jocelyn's trial but before Roberson's plea, appellant filed a presentence motion to withdraw his guilty plea. A hearing was held on December 19, 2006, and on December 27, 2006, the court denied appellant's motion and sentenced him to the recommended 15 years in prison.

(Doc. 5, RX 18, at 1-2; State v. Pannell, No. 89352, 2008 WL 603751, at *1 (Ohio Ct. App. Mar. 6, 2008).)

## A.  Direct Appeal

Pannell filed a timely appeal of his conviction, and set forth the following two assignments of error:

> 1. The appellant is entitled to specific performance and receive a sentence of nine years.
>
> 2. The trial court erred in denying the appellant's motion to withdraw his guilty plea as he did not enter the guilty plea in a knowing, intelligent, and voluntary manner.

(Doc. 5, RX 14.)  On March 6, 2008, the court of appeals affirmed the judgment of the trial court.  (Doc. 5, RX 18; State v. Pannell, No. 89352, 2008 WL 603751 (Ohio Ct. App. Mar. 6, 2008).)

Pannell filed a timely appeal to the Supreme Court of Ohio, which set forth the following two propositions of law:

> 1. The defendant is entitled to specific performance when he relied upon a promise by the state when entering a plea of guilt.
>
> 2. The trial court erred when it failed to allow the defendant to withdraw his plea of guilt prior to sentencing when the state failed to fulfill its promise and failed to provide all discovery.

(Doc. 5, RX 20.)  On July 9, 2008, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 5, RX 22; State v. Pannell,118 Ohio St.3d 1509, 889 N.E.2d 1026 (2008).)

3

### B.  Rule 26(B) Application

On May 15, 2008, Pannell filed an application pro se to reopen his appeal, pursuant to Ohio App. Rule 26(B).  The application was based on ineffective assistance of appellate counsel on two grounds:

> 1.  The appellant is entitled to specific performance and receive a sentence of nine years.
>
> 2.  The trial court erred in denying the appellant's motion to withdraw his guilty plea as he did not enter the guilty plea in a knowing, intelligent, and voluntary manner.

(Doc. 5, RX 23.)  The court of appeals found his application to be barred by the doctrine of res judicata, because the claims had already been adjudicated, and denied the application.  (Doc. 5, RX 24; State v. Pannell, No. 89352, 2008 WL 3522306 (Ohio Ct. App. Aug. 11, 2008).)  Pannell did not seek further review of this decision.

### C.  Petition for Post-Conviction Relief

While his direct appeal was pending, Pannell also filed a petition for post-conviction relief, pursuant to Ohio Rev. Code § 2953.21, with the trial court on July 13, 2007.  The petition was based on two grounds, verbatim:

> 1.  Ineffective assistance of counsel because they didn't inform me of all the evidents of the case and withheld them from me and didn't investigate the case thoroughly before they told me to cop-out and dependent of the outcome of codefendant [Strickland v. Washington] the right to effective counsel.
>
> 2.  That I should of had three judges to accept my plea and I only had one on a capital case.

4

(Doc. 5, RX 25.) The court denied his petition for post-conviction relief. (Doc. 5, RX 26.) Pannell did not seek further review of this decision.

Pannell filed this petition for a writ of habeas corpus on Feb. 12, 2009. (Doc. 1.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Pannell has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III. FIRST GROUND

The first ground of the petition is that Pannell's plea was "illegally obtained," and was not knowingly, willingly and voluntarily made. On direct appeal, Pannell

6

argued that: "Where a plea is induced from a defendant with a broken promise[1], the effect is a coerced plea and not one that is intelligently, voluntarily and knowingly entered." (Doc. 5, RX 14, at 9.) He also contended that there was a constitutional violation where a plea is accepted without an affirmative showing that it is intelligent and voluntary. Id., citing North Carolina v. Alford, 400 U.S. 25 (1970), and Boykin v. Alabama, 395 U.S. 238 (1969). Pannell asserted that, because his plea was induced by the false promise of the prosecution, his plea must be invalidated. Id. at 14.

The state court of appeals addressed his claim by reviewing the entire record, and analyzed the evidence under the eight factors set out in State v. Benson, No. 83178, 2004 WL 637775 (Ohio Ct. App. Apr. 1, 2004). (Doc. 5, RX 18, at 5-12; Pannell, 2008 WL 603751, at *2-*6.) After discussing the factors, the court concluded:

> . . . appellant's decision to plead guilty and escape the death penalty was voluntarily, knowingly, and intelligently made. The trial court held a hearing allowing the parties to present evidence for consideration of appellant's motion to withdraw his plea, and we find that the court acted within its discretion when it denied appellant's motion.

(Doc. 5, RX 18, at 12; Pannell, 2008 WL 603751, at *6.)

The respondent argues that a plea which is voluntarily and intelligently made satisfies the Due Process requirements of the Constitution. (Doc. 5, at 12.)

---

[1] Pannell claimed he was promised that he would receive the lowest sentence (among his co-defendants) in terms of years, if he were the first to enter a plea. (Doc. 5, RX 18, at 9, 13.) See also doc. 1, at p. 5A.

7

This habeas court lacks authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea. Xie v. Edwards, 35 F.3d 567, 1994 WL 462143, at *2 (6th Cir. Aug. 25, 1994) (TABLE, text in WESTLAW) (whether trial court abused discretion in denying motion to withdraw plea is question of state law); Artiaga v. Money, No. 3:04CV7121, 2007 WL 928640, at *2 (N.D. Ohio Mar. 27, 2007).  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of Ohio Criminal Rule 32.1 is not properly before this court.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Akemon v. Brunsman, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007).

The question before this federal habeas court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

The Supreme Court has ruled that a guilty plea which was made voluntarily, knowingly, and intelligently is constitutionally valid. DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. 2004) (per curiam), cert. denied, 544 U.S. 921 (2005) (citing Brady v. United States, 397 U.S. 742 (1970)).  Regarding habeas review of state plea bargains, the Sixth Circuit has stated:

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

8

DeSmyther, 2004 WL 1921182 (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980), cert. denied, 454 U.S. 840 (1981)).

The state court of appeals determined that Pannell understood the charges against him, and understood the consequences of his guilty plea. The court reviewed that transcript from the plea hearing and found that "the state and defense counsel meticulously explained to appellant each term of the plea bargain." (Doc. 5, RX 18, at 10; Pannell, 2008 WL 603751, at *5.) The court then quoted from the colloquy which took place between the trial court and Pannell, establishing that he understood the consequences of a guilty plea, and voluntarily chose to plead guilty, without being coerced to do so. (Doc. 5, RX 18, at 10-12; Pannell, 2008 WL 603751, at *5-*6.) Regarding the alleged promise of a term of years, the court asked:

> THE COURT: Has anyone made any promises to you, other than the agreed to 15-year sentence with the conditions and the 5 years of post-release control supervision, to get you to plead guilty here today?
>
> THE DEFENDANT: No, Your Honor.

(Doc. 5, RX 18, at 11; Pannell, 2008 WL 603751, at *5.)

In his appeal, Pannell invoked North Carolina v. Alford, 400 U.S. 25 (1970), and Boykin v. Alabama, 395 U.S. 238 (1969). (Doc. 5, RX 14, at 9.) In Boykin, the Supreme Court held that due process required an "affirmative showing" on the record that a defendant's guilty plea was voluntarily and intelligently made. Boykin, 395 U.S. at 244 n.6. In Alford, the Court ruled that a plea of guilty was not invalid because it was made to avoid the possibility of the death penalty.

9

Alford, 400 U.S. at 39. The Court also noted that the defendant's knowledge of the consequences of his plea should also affirmatively appear on the record. Id. at 29 n.3. Here, the state courts satisfied these requirements.

Pannell has not demonstrated that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court in Brady, Boykin, and Alford.

## IV. SECOND GROUND

The second ground of the petition claims that the state withheld "exculpatory evidence" from him and his attorney prior to his plea, and that if Pannell had been aware of this evidence, "it would have made a difference as how I would have been advised and made a decision to plea[d] or not." (Doc. 1, § 12.a.)

What the petition refers to as "exculpatory" evidence relates to contradictory statements made by Pannell's co-defendant Bacote, which could have been used to impeach Bacote's credibility[2]. (Doc. 1, at pp. 5C-5D; see also doc. 6, Transcript of Hearing on Motion to Withdraw, at 98-99.) The statements do not appear to be exculpatory, strictly speaking, in the sense that they concern evidence of the guilt or innocence of Pannell himself, but rather concern contradictory statements made by Bacote about the physical involvement (or not) of co-defendant Roberson. See doc. 5, RX 18, at 7-8; Pannell, 2008 WL 603751, at *4.

---

[2] "If [counsel] had known that [Bacote] had made different statements, that is something we could have impeached him with." (Doc. 1, at p. 5D.)

The respondent points out that the Supreme Court has held that the Constitution does not require the state to disclose impeachment information prior to entering into a plea agreement with a defendant, or before a defendant pleads guilty. (Doc. 5, at 20, citing United States v. Ruiz, 536 U.S. 622, 629, 633 (2002).) See, e.g., Stone v. Warden, Lebanon Corr. Inst., No. 3:08CV364, 2010 WL 909442, at *13 (S.D. Ohio Mar. 10, 2010) (citing Ruiz).

The respondent also contends that Pannell never fairly presented the second ground to the state courts as a constitutional violation under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Bagley, 473 U.S. 667, 676 (1985). (Doc. 5, at 8.) A review of Pannell's arguments on direct appeal reveals that Pannell never presented this argument to the state court. See generally doc. 5, RX 14; Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998) (claim must be presented to state court under same theory later presented in federal court).

However, the court need not address the procedural default issue, because the claim would fail on review of the merits. Post v. Bradshaw, No. 03-4085, 2010 WL 3527612, at *17 (6th Cir. Sept. 13, 2010) (citing Ruiz).

## V. PANNELL'S TRAVERSE

Pannell raises several issues in his traverse which do not form the basis for relief as expressed in his petition: ineffective assistance of counsel (doc. 9, at 1); improper sentencing (id. at 3, citing Blakely v. Washington, 542 U.S. 296 (2004)); and insufficiency of the evidence (id. at 4-5). Any alleged violations of constitutional

11

rights which are first raised in a traverse, rather than the habeas petition, are not properly before this court, and will not be considered.  Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005), cert. denied, 547 U.S. 1074 (2006) (citing cases); Jenkins v. Welch, No. 4:09CV637, 2010 WL 1948297, at *15  (N.D. Ohio Apr. 26, 2010); Sowell v. Collins, 557 F.Supp.2d 843, 889 (S.D. Ohio 2008).

## VI.  SUMMARY

The petition for a writ of habeas corpus should be denied.  As to the first ground, concerning his guilty plea, Pannell has not demonstrated that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  As to the second ground, the Constitution does not require disclosure of impeachment information prior to a plea, Ruiz, 536 U.S. 622, thus Pannell cannot demonstrate that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law.

RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.


Dated:   Sept. 16, 2010                     /s/ Kenneth S. McHargh
                                                              Kenneth S. McHargh
                                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).