UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELBERT PANNELL, | ) | CASE NO.1:09-cv-00332 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| BENNIE KELLY, | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

This action is before the Court upon the Report and Recommendation ("R&R) of Magistrate Kenneth S. McHargh. (Doc. No. 11.) Petitioner, Elbert Pannell, has filed objections to the Report. (Doc. No. 13.) For the reasons that follow, the objection is OVERRULED, the R&R is ADOPTED, and Petitioner's application for a writ of habeas corpus (Doc. No. 1) is DENIED.

I.   INTRODUCTION

On February 12, 2009, Pannell filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court convictions for aggravated murder with a firearm specification and obstruction of justice. The Court referred the matter to Magistrate Judge Kenneth S. McHargh for the preparation of an R&R. The Magistrate Judge submitted his R&R on September 16, 2010.[1] In his Report, the Magistrate Judge determined that Pannell failed to demonstrate his guilty plea was not voluntary, knowing and intelligent, and that he failed to establish that the prosecution did not disclose exculpatory evidence, and thus Pannell is not entitled to habeas relief. Ultimately, the Magistrate Judge recommended that both of Pannell's claims for relief be denied.

---

[1] The matter was originally assigned to the docket of the Honorable Kathleen O'Malley. The action was transferred to the docket of the Honorable Sara Lioi on February 4, 2011.

1

## II.     STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by the state courts in Petitioner's case, this Court has a very limited scope of review. Under § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d) (1). Where a ruling in state court is "on the merits," this Court must give "deference to the state court." *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

The Court has reviewed the R&R *de novo*, as well as the briefs and supporting material submitted by the parties, and the objections to the Report raised by Petitioner. The Court finds the R&R to have been well reasoned and factually correct. The Court also finds Pannell's objections to be without merit.

## III.    FACTUAL AND PROCEDURAL HISTORY

Because Petitioner objects only to the portion of the Magistrate Judge's R&R addressing his first grounds for relief the remainder of the R&R is hereby accepted as written.

The Court will only provide a review of the facts, as found by the state appellate court and as found in the record, sufficient to provide context for Pannell's objections.

On April 5, 2005, the Cuyahoga County, Ohio grand jury indicted Pannell on one count of aggravated murder in violation of Ohio Rev. Code § 2903.01. The charge included one-year and three-year firearm specifications pursuant to Ohio Rev. Code §§ 2929.141 and 145, respectively, and a murder for hire capital punishment specification in violation of Ohio Rev. Code § 2929.04(A)(2). On June 30, 2005, Pannell pled guilty to obstruction of justice and involuntary manslaughter, with a three-year firearm specification. Pursuant to the Pannell's plea agreement, the state agreed to drop the murder-for-hire specification in exchange for Pannell's testimony against his co-conspirators in accordance with his prior written statements provided to police. The parties also agreed to a fifteen-year sentence in prison.

At the plea-taking hearing held on June 30, 2005, the trial judge addressed Pannell as follows:

> THE COURT:  Elbert, did you hear what the prosecutor and your attorneys have said to you and I in open court?
>
> THE DEFENDANT:  Yes, your honor.
>
> THE COURT:  So you heard what everyone has said. Did you understand what everyone has said?
>
> THE DEFENDANT:  Yes, your honor.
>
> THE COURT:  Do you understand the plea bargain reached between you and the State of Ohio?
>
> THE DEFENDANT:  Yes, your honor.
>
> THE COURT:  Has anyone threatened you in order to get you to accept this plea bargain?
>
> THE DEFENDANT:  No, your honor.

3

> THE COURT: Has anyone made any promises to you, other than the agreed to 15-year sentence with the conditions and the 5 years of post-release control supervision, to get you to plead guilty here today?
>
> THE DEFENDANT: No, your honor.
>
> THE COURT: You would be giving the Court a plea of guilt as outlined by [the prosecutor], in that you would be pleading guilty to a felony of the first degree, as amended in Count 1 to a Felony entitled the crime of involuntary manslaughter with a three year firearm specification, and agreeing to go to prison for 3 years for the firearm specification, plus 9 years for that underlying offense of involuntary manslaughter, consecutive to your plea and sentence in Case 467743, a Felony 3, obstruction of justice, in which you agree to go to prison for 3 years.
>
> So the total amount between the two pleas of guilt you would be giving here today, you're agreeing to the penalty of 15 years…on the condition that you testify truthfully in accordance with the written statements you gave the Cleveland Police Department…which is against your coconspirators and/or codefendants.
>
> Is that what you agree to?
>
> THE DEFENDANT: Yes, your honor.

(Doc. No. 6-1, 24-26.) The judge then advised Pannell of the consequence of pleading guilty, including waiver of his constitutional rights. (Id. at 26-31.) Further, the judge advised Pannell of the potential penalties he faced as a result of pleading guilty, including up to 10 years in prison for involuntary manslaughter, a consecutive, mandatory three-year prison sentence for the firearm specification, and up to five years in prison and a $10,000 fine for the obstruction of justice charge, also to be served consecutively. (Id. at 31-34.)

> The judge then confirmed that Pannell understood the plea agreement as follows:
>
> THE COURT: So you understand the penalties you face, but you also understand the agreed to sentence with the conditions that I outlined about you testifying truthfully?
>
> THE DEFENDANT: Yes, your honor.
>
> THE COURT: Any questions now?

4

> THE DEFENDANT: No, your honor.
>
> THE COURT: So, again, I ask you: Do you want to waive your constitutional rights and enter your plea of guilt understanding the plea agreement, agreed to sentence, that you're agreeing to serve 15 years total?
>
> THE DEFENDANT: Yes, your honor.
>
> THE COURT: Plus the 5 years of post-release control supervision?
>
> THE DEFENDANT: Yes, your honor.
>
> THE COURT: And the condition about you testifying truthfully in accordance with your written statements?
>
> THE DEFENDANT: Yes, your honor.
>
> THE COURT: And again, no threats or promises were made to you in order to induce you to do this today?
>
> THE DEFENDANT: No, your honor.
>
> THE COURT: You will be doing so freely, voluntarily and intelligently, giving the Court a plea of guilt?
>
> THE DEFENDANT: Yes, your honor.

(Id. at 34-35.)

It appears from the record that during plea negotiations, the prosecutor told defense counsel that "nobody was going to get a better deal other than Mr. Pannell, if he came forward first, and it was never going to get any better than this" and "that it was never going to go lower, nobody was going to get a better deal" (Id. at 95.) Subsequent to Pannell entering his plea, one of his coconspirators pled guilty to involuntary manslaughter and received an agreed upon sentence of nine years in prison.

Soon thereafter Pannell filed a motion to withdraw his plea pursuant to Ohio R. Crim. P. 32.1, and the trial court held a hearing on the motion on December 19, 2006. At hearing, defense counsel asked that the court to permit Pannell to withdraw his plea in light of

5

his coconspirator receiving a lesser sentence despite the prosecutor's promise that Pannell would get the 'best deal.' (Id. at 131-33.) As well, defense counsel asserted that the prosecution had withheld exculpatory evidence related to contradictory statements made by one of Pannell's coconspirator concerning the involvement of another coconspirator, not Pannell. (Id.; Doc. 5, RX 18, at 7-8.) In opposition to the motion, the prosecutor argued at hearing that Pannell had not testified in a straightforward manner at his coconspirators trial as agreed and had contributed to a coconspirator being acquitted. (Doc. No. 6-1, at 138-39.)

On December 27, 2006, the trial court denied Pannell's motion to withdraw his guilty plea, finding upon review of the original plea transcript, that he understood the plea agreement and entered his plea in the absence of force, threats or duress. (Id. at 151-52.) The trial court then sentenced Pannell to the recommended 15 years in prison.

Pannell filed a timely appeal of his conviction, and set forth the following two assignments of error:

1. The appellant is entitled to specific performance and receive a sentence of nine years.

2. The trial court erred in denying the appellant's motion to withdraw his guilty plea as he did not enter the guilty plea in a knowing, intelligent, and voluntary manner.

(Doc. 5, RX 14.) On March 6, 2008, the state appellate court affirmed the trial court judgment. (Doc. 5, RX 18; *State v. Pannell*, No. 89352, 2008 WL 603751 (Ohio Ct. App. Mar. 6, 2008).) While his direct appeal was pending, the trial court denied Pannell's request pursuant to Ohio Rev. Code § 2953.21 for post conviction relief on July 13, 2007.[2] (Doc. No. 5, RX 26.)

---

[2]The petition was based on two grounds, verbatim:

1. Ineffective assistance of counsel because they didn't inform me of all the evidence of the case and withheld them from me and didn't investigate the case thoroughly before they told me to cop-out and dependent of the outcome of codefendant [Strickland v. Washington] the right to effective counsel.

6

Pannell filed a timely appeal to the Supreme Court of Ohio, which set forth the following two propositions of law:

1. The defendant is entitled to specific performance when he relied upon a promise by the state when entering a plea of guilt.

2. The trial court erred when it failed to allow the defendant to withdraw his plea of guilt prior to sentencing when the state failed to fulfill its promise and failed to provide all discovery.

(Doc. 5, RX 20.) On July 9, 2008, the state supreme court denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question. (Doc. 5, RX 22; *State v. Pannell*, 118 Ohio St. 3d 1509, 889 N.E.2d 1026 (2008).) While his appeal to the Ohio Supreme Court was pending, the court of appeals denied on *res judicata* grounds Pannell's application to reopen his appeal pursuant to Ohio App. R. 26(B).[3] *State v. Pannell*, No. 89352, 2008 WL 3522306 (Ohio Ct. App. Aug. 11, 2008).

Following the exhaustion of his state remedies, Pannell sought federal habeas corpus relief *pro se*. Pannell raised two claims for relief in his petition, as follows:

1. My Plea Bargain was illegally obtained. I was induced by the prosecutor on a plea deal then he went back on his word and plea bargain, thus my plea agreement was not knowingly, willingly and voluntarily made in violation of the constitution and I was entrapped into agreeing to a false and misleading promise by the prosecutor.

2. There was exculpatory evidence not provided to the appellant's attorney prior to the plea and if I would have had all the information, it would have made a

---

2. That I should of had three judges to accept my plea and I only had one on a capital case.

(Doc. No. 5, RX 25.)

[3] The application was based on ineffective assistance of appellate counsel on two grounds:

1. The appellant is entitled to specific performance and receive a sentence of nine years.

2. The trial court erred in denying the appellant's motion to withdraw his guilty plea, as he did not enter the guilty plea in a knowing, intelligent, and voluntary manner.

(Doc. No. 5, RX 23.)

7

> difference as how I would have been advised and made a decision to plea or not. The state withheld the facts.

(Doc. No. 1, § 12.a.)

### IV.   LAW AND ANALYSIS

Petitioner has filed objections wherein he restates the legal conclusions upon which he based his two grounds for relief. First, that the state promised him the lowest sentence out of all the coconspirators, and second, that the state withheld exculpatory evidence that would have affected his decision to plead guilty. Petitioner only specifically challenges the R&R with respect to the first ground for relief. Petitioner does not make a specific objection to the Magistrate Judge's determination as to the second ground for relief, nor does he point to any alleged factual or legal error in the R&R as to that claim.

This Court has an obligation to give *de novo* review only to matters "properly objected to." Rule 72(b)(3); *see, e.g., Thomas v. Arn,* 474 U.S. 140, 147, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute."); *United States v. Schultz,* 565 F.3d 1353, 1360 (11th Cir. 2009) ("a party that wishes to preserve its objection must [ ... ] pinpoint the specific findings that the party disagrees with"); *VanDiver v. Martin,* 304 F. Supp. 2d 934, 937–38 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Brewer v. State of Ohio,* No. 3:09-cv-462, 2010 WL 2985939, at * 1 (S.D. Ohio July 27, 2010) (same); *Renelique v. Doe,* No. 99-10425, 2003 WL 23023771, at * 1 (S.D.N.Y. Dec.29, 2003) ("when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") Because, in part,

Pannell's objections fail to allege that the Magistrate Judge made any specific factual or legal errors in the R & R with regard to his second claim for relief and only reiterate that exculpatory evidence was withheld, the Court need not address that portion of his objection *de novo.*

In his first ground for relief, Pannell argued that the trial court erred by refusing to permit him to withdraw his guilty plea, which he asserts was not intelligently, voluntarily and knowingly given because it was induced by a false promise of the prosecution.

The Magistrate Judge found that a habeas court lacks the authority to adjudicate a claim that the state court abused its discretion by denying a motion to withdraw a guilty plea. The Magistrate Judge found that the state court decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Specifically, the Magistrate Judge found that the trial court's plea hearing satisfied Due Process requirements because the transcript demonstrated that Pannell voluntarily pled guilty with full knowledge of the consequences. Moreover, the Magistrate Judge noted that Pannell had denied the existence of any alleged promise of a term of years.

Pannell objects to that the Magistrate Judge did not find a constitutional violation. He again asserts that his plea was not knowing, voluntary and intelligent. Pannell asserts that no one explained the obstruction of justice charge to him and alleges that the charge was a "ghost charge" added solely for the purpose of meeting the agreed upon sentence of 15 years. Thus, he argues his plea was not knowingly made. He also argues that he denied the existence of the alleged promise at the plea hearing on the advice of counsel and without knowing all the facts. Further, Pannell complains that the Magistrate Judge did not 'accept as fact' the testimony of defense counsel about the prosecutor's alleged broken promise "that no one would get a better deal than Pannell." (Doc. No. 13 at 3.) Pannell's objections are not well taken.

9

The Magistrate Judge concluded correctly that this Court is precluded from reviewing Petitioner's claim as far as it alleges an abuse of discretion under Ohio law by the state trial court in denying Pannell's motion to withdraw his guilty plea. Federal habeas relief is not available for a claimed violation of state law, including any perceived violation of Ohio Crim. Rule 32.1. *Akemon v. Brunsman*, No.C-1-06-166, 2007 WL 2891012, *12 (S.D. Ohio Sept. 28, 2007) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of the federal court to reexamine state-court determinations on state-law questions")). As well, there is no absolute right to withdraw a guilty plea prior to sentencing. *Id.* (collecting cases). Consequently, "absent a showing that [he] was denied fundamental fairness," Pannell is not entitled to habeas relief based on the trial court's discretionary denial of his motion to withdraw his guilty plea. *Id.* (citing *Coddington v. Langly*, 202 F. Supp. 2d 687, 703 (E.D. Mich. 2002), *rev'd on other grounds*, 77 Fed. App'x 869 (6th Cir. 2003), *cert. denied*, 541 U.S. 1066 (2004)).

The Court has conducted a *de novo* review of the state court proceedings and agrees with the Magistrate Judge's determination that Pannell's plea was voluntary, knowing, and intelligent and was thus constitutionally valid. *Brady v. United States*, 397 U.S. 742 (1970).

First, Pannell contends that no one explained to him the obstruction of justice charge. To enter a knowing plea, the defendant must understand the true nature of the charge against him. *Stumpf v. Mitchell,* 367 F.3d 594, 600, 608 (6th Cir. 2004)*, vacated in part on other grounds by Bradshawv. Stumpf,* 545 U.S. 175 (2005). However, the Supreme Court has "never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to

10

the defendant by his own, competent counsel." *Stumpf*, 545 U.S. 175 at 183 ("Where a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty.").

At the plea hearing, the prosecutor recited to the trial court the contents of the plea agreement, including the elements of the obstruction of justice offense. (Doc. 6-1, at 11-12.) Defense counsel concurred in the prosecutors' presentation and assured the trial court that they had "explained the ramifications of any such change in plea to our client, all the possible penalties and/or fines which could be imposed by the Court, explained to him the amendment that was made to the original charge of aggravated murder, and we've explained to him his constitutional rights." (Doc. 6-1, at 22.) The trial court was entitled to rely on defense counsels' representations that they had explained the nature of the charges and the elements of the crimes to which Pannell was pleading guilty. Pannell cannot now claim that his counsel did not inform him of all the facts, including the nature and elements of the charged offenses, because he did not raise an ineffective assistance of counsel claim in his traverse, and thus, this claim is not properly before this Court. *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005), *cert. denied*, 547 U.S. 1074 (2006).

Pannell's next objection is that he was advised by defense counsel to lie to the trial court at the plea hearing about the existence of the prosecutor's promise to give him the best deal. Further, he contends the Magistrate Judge was required to accept as fact the testimony of his defense counsel in support of this allegation.

A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). When a prisoner challenges his

11

guilty plea on the basis that it was induced by an un-kept promise, such as in this case, the Court must determine whether the allegation, when viewed against the record of the plea hearing, is so palpably incredible, so patently frivolous or false, as to warrant a summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). In applying this standard, the Court will indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id.* at 74.

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.*

Pannell's claim that he lied at the plea hearing about the alleged promise at the direction of his attorney is simply incredible in view of the record before this Court. The state trial court transcript, as outlined above, contains an "affirmative showing" on the record that Pannell's plea was voluntarily and intelligently made and with knowledge of the consequences. *Boykin v. Alabama*, 395 U.S. 238 (1969); *North Carolina v. Alford*, 400 U.S. 25 (1970). The state trial court asked Petitioner not once, but twice whether he understood the terms of the plea agreement and that the agreed upon sentence was 15 years. The trial court properly advised Petitioner regarding the maximum penalties for the charged offenses, and Petitioner indicated that he understood. Further, Pannell twice denied in open court the existence of any undisclosed promises in exchange for his plea. Moreover, Pannell's motion to withdraw his guilty plea did not even mention the alleged promise that his codefendants would not receive a sentence lesser than 15 years. (Doc. No. 5-1, at 9-11.)

In light of this record, the Magistrate Judge was not required to accept as fact the testimony of defense counsel as to the alleged promise. Pursuant to 28 U.S.C. § 2254(e) (1), a determination of a factual issue made by a state court shall be presumed correct and the applicant shall have the burden of rebutting the presumption by clear and convincing evidence. *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003). Where the state court findings have support in the record, those findings must control, even though the federal court may be inclined to render other findings, which also have support in the record. *See* 28 U.S.C. § 2254(d) (2); *Wainwright v. Goode*, 464 U.S. 78, 85 (1983) (holding if two different conclusions find fair support in the record, a federal court may not substitute its view of the facts for that of the state court).

The trial court held a full hearing on Pannell's motion to withdraw his plea and evaluated the evidence before it, including the testimony of defense counsel, and determined that the defendant did knowingly, voluntarily, and intelligently enter into his plea agreement for the agreed to 15-year sentence. (Doc. 6-1, at 147-153.) As outlined above, this finding has support in the record as contained in the transcript of the plea hearing. Pannell has failed to set forth clear and convincing evidence to rebut the state court's finding. Accordingly, Pannell's first claim for relief is without merit.

## V.  CONCLUSION

For all the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge to deny every claim in the petition for habeas corpus relief. Petitioner's application for a writ of habeas corpus is **DENIED**.

This Court hereby certifies, pursuant to 28 U.S.C. § 2253(c), that an appeal from the decision would be frivolous and could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: August 4, 2011

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**